UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PACIFIC BIOSCIENCE
LABORATORIES, INC., a Washington
corporation,

                Plaintiff,

     v.

HOME SKINOVATIONS INC., a
Canadian corporation; HOME
SKINOVATIONS LTD., an Israeli
corporation,

                Defendant.

No.

COMPLAINT FOR PATENT
INFRINGEMENT

**JURY DEMAND**

      Plaintiff Pacific Bioscience Laboratories, Inc. ("PBL"), for its Complaint for Patent

Infringement against Defendants Home Skinovations Inc. and Home Skinovations Ltd.,

(collectively, "Home Skinovations"), hereby alleges, by and through its attorney, on personal

knowledge as to its own actions and on information and belief as to the actions of others, as

follows:

## I.      INTRODUCTION

      1.      Plaintiff PBL dramatically changed the market for skin cleansing products when it

introduced its innovative Clarisonic Sonic Skin Cleansing System (the "Clarisonic System") in

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

2004.  The Clarisonic System employs motion and forces at sonic frequencies to cleanse, soften, and smooth skin.

2.      Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market.  PBL created today's market for such products.

3.      The Clarisonic System has been an enormous success and has achieved national recognition and awards.  In 2010, PBL was named one of Inc. 500's Fastest Growing Private Companies.

4.      PBL received broad protection for its innovations, including utility and design patents.  However, PBL's innovations have been the subject of widespread imitation by others, who have attempted to capitalize on PBL's success.

5.      Defendant Home Skinovations is one such imitator.  After seeing PBL's success, Home Skinovations introduced its Silk'n Sonic facial cleansing system ("Silk'n Sonic").  Home Skinovations has made the Silk'n Sonic work like PBL's products, thereby infringing PBL's patent.

6.      Home Skinovations sells or has sold the Silk'n Sonic throughout the United States at least through the Silk'n Sonic website, https://www.silkn.com/sonic-clean-plus/, and Amazon.com, http://www.amazon.com/Silkn-SonicCleanPlus-Cleansing-Sensitive-Silicone/dp/B00O84208Y/.

7.      PBL seeks to stop Home Skinovations' infringing conduct and obtain compensation for the violations that have occurred thus far.

## II.      PARTIES

8.      Plaintiff PBL is a Washington corporation incorporated in January 2001, with its principal place of business at 17275 NE 67th Court, Redmond, WA 98052.

9.      In December 2011, PBL was acquired by L'Oréal S.A., a French société anonyme ("L'Oréal").  L'Oréal is the owner, and PBL is the exclusive U.S. licensee with the right, inter alia, to bring suit, of protectable patent rights as described herein.

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

10.     On information and belief, Home Skinovations Inc. is a corporation organized and existing under the laws of Canada with its principal place of business at 100 Leek Crescent Unit 15, Richmond Hill, ON L4B 3E6, Canada.

11.     On information and belief, Home Skinovations Ltd. is a corporation organized and existing under the laws of Israel with its principal place of business at Tavor Building, Shaar Yokneam, Yokneam 20692 Israel.

12.     On information and belief, Home Skinovations manufactures, markets, and sells electric skin care devices under the name Silk'n Sonic.

### III.     JURISDICTION AND VENUE

13.     This case arises under the patent laws of the United States, 35 U.S.C. § 101 et seq.

14.     The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, and 1338.

15.     PBL has its principal place of business in this District, and makes its Clarisonic devices available for sale in this District.

16.     This Court has personal jurisdiction over Home Skinovations because, on information and belief, Home Skinovations has committed and continues to commit the acts violating PBL's intellectual property described herein within the State of Washington, including in this District, and places infringing products into the stream of commerce, with the knowledge or understanding that such products are sold in the State of Washington, including in this District.

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), (c), and 28 U.S.C. § 1400(b) because, *inter alia*, PBL's principal place of business is within this District and PBL suffered harm in this District, because a substantial part of the events giving rise to the claims against Home Skinovations occurred and are occurring in this District, and because Home Skinovations transacts business within this District and offers for sale in this District products that infringe PBL's intellectual property.

COMPLAINT FOR PATENT INFRINGEMENT – 3
116576-8901/LEGAL125867610.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35
36
37
38
39
40
41
42
43
44
45
46
47
48
49
50
51

### IV.    BACKGROUND

18.    Since the early 2000s, PBL has designed, developed, manufactured, marketed, and sold in the United States (and worldwide) its innovative Clarisonic System, which is a line of skin care products including a number of Sonic Cleansing Brushes and accessories, the Clarisonic Opal® Sonic Infusion System, and targeted treatment solutions.  Examples of Clarisonic products are pictured below:




19.    The Clarisonic System was developed by PBL over many years at great expense and effort and represents a breakthrough in devices and methods for treatment of early stage acne and for effective cleansing of skin.  Those devices and methods employ motion and forces at sonic frequencies to cleanse, soften, and smooth skin.  They alleviate clogged pores and remove debris from skin more gently and effectively than alternative devices or methods, such as manual cleansing.

20.    The innovations embodied in the Clarisonic System are protected by numerous United States and foreign intellectual property rights, including rights deriving from patents.

21.    Prior to the introduction of the Clarisonic System, there were no sonic facial cleansing devices on the market.  Indeed, before development of the Clarisonic System, no market existed for sonic skin care devices.  PBL expended considerable resources to create the

COMPLAINT FOR PATENT INFRINGEMENT – 4
116576-8901/LEGAL125867610.1

sonic skin care market and to educate the public regarding facial cleansing, as well as to market its sonic facial cleansing devices.

22.     Since its introduction, the Clarisonic System has become widely acclaimed by professionals and consumers, and has garnered many media awards from sources such as authoritative magazines in the beauty industry, Oprah's Favorite Things in 2007 on the Oprah Winfrey Show, Best of Sephora in 2007 and 2008, and QVC Customer Choice in 2008, 2009, and 2010.

23.     The success of the Clarisonic System has spurred a large number of imitations, such as Home Skinovations' Silk'n Sonic, pictured below.




### V.     PBL'S PATENT

### U.S. Patent No. 7,320,691

24.     U.S. Patent No. 7,320,691 ("the '691 patent") issued on January 22, 2008, and is entitled "Apparatus and Method for Acoustic/Mechanical Treatment of Early Stage Acne."  The inventors are Kenneth A. Pilcher, David Giuliani, and Stephen M. Meginniss.

25.     A copy of the '691 patent is attached as Exhibit 1.

COMPLAINT FOR PATENT INFRINGEMENT – 5
116576-8901/LEGAL125867610.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

26.     PBL is the exclusive licensee having all substantial rights in and to the '691 patent, with the rights to bring enforcement actions for past, present and future infringement and to collect damages for past infringement.

27.     The '691 patent has been reexamined pursuant to Reexamination Request Nos. 90/009,797 and 90/011,343.  The patentability of all of the originally issued claims 1-52 of the '691 patent was confirmed pursuant to these reexamination requests, and claims 53-64 were added.  A reexamination certificate issued on September 20, 2011.  *See* Exhibit 1.

28.     The '691 patent is valid, enforceable, and currently in full force and effect.

## VI.     CLAIM I – INFRINGEMENT OF THE '691 PATENT

29.     PBL hereby incorporates and realleges Paragraphs 1 - 28 as if fully set forth herein.

30.     Home Skinovations has been and/or is directly infringing one or more claims of the '691 patent pursuant to 35 U.S.C. § 271(a), literally or under the doctrine of equivalents, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, products, devices, or systems that are covered by the '691 patent, including the Silk'n Sonic.

31.     PBL has consistently and continuously marked its products with the '691 patent number pursuant to 35 U.S.C. § 287 and has provided constructive notice of the '691 patent. PBL seeks monetary and all other damages permitted by statute.

32.     Home Skinovations' infringement of the '691 patent has been and will continue to be willful and deliberate, by making, using, offering to sell, and/or selling in the United States and/or importing into the United States, infringing devices despite that such actions constitute infringement and despite being at least on constructive notice that its actions constitute infringement.

33.     Home Skinovations' infringement of the '691 patent has caused and will continue to cause PBL substantial and irreparable injury, for which PBL is entitled to all of the relief

COMPLAINT FOR PATENT INFRINGEMENT – 6
116576-8901/LEGAL125867610.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

provided by 35 U.S.C. §§ 281, 283, 284, and 285, including but not limited to injunctive relief, compensatory damages not less than the amount of a reasonable royalty, interest, costs, enhanced damages, and reasonable attorney's fees, as the court deems just and appropriate.

## VII.   DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PBL respectfully requests a trial by jury of all issues properly triable by jury.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, PBL prays for relief, as follows:

A.     A judgment that Home Skinovations has infringed one or more claims of the '691 patent;

B.     An order and judgment preliminarily and permanently enjoining Home Skinovations and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their investors, partners, parents, subsidiaries, divisions, successors, and assigns, from further acts of infringement of PBL's asserted patent;

C.     A judgment awarding PBL all damages adequate to compensate for Home Skinovations' infringement of PBL's asserted patent, and in no event less than a reasonable royalty for Home Skinovations' acts of infringement, including all pre-judgment and post-judgment interest at the maximum rate permitted by law;

D.     A judgment declaring that Home Skinovations' infringement of the asserted patent has been willful and deliberate;

E.     A judgment awarding PBL all damages, including treble damages, as a result of Home Skinovations' willful and deliberate infringement of the asserted patent, pursuant to 35 U.S.C. § 284, together with pre-judgment and post-judgment interest;

COMPLAINT FOR PATENT INFRINGEMENT – 7
116576-8901/LEGAL125867610.1

**Perkins Coie LLP**
1201 Third Avenue, Suite 4900
Seattle, WA  98101-3099
Phone:  206.359.8000
Fax:  206.359.9000

F.      A judgment declaring that this case is exceptional and awarding PBL its expenses, costs, and attorney's fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure; and

G.      Such other and further relief as the Court deems just and proper.

DATED:  May 1, 2015.                         Respectfully submitted,


                                             By:  s/ Ramsey M. Al-Salam
                                             Ramsey M. Al-Salam WSBA #18822
                                             **Perkins Coie LLP**
                                             1201 Third Avenue, Suite 4900
                                             Seattle, WA  98101-3099
                                             Tel:  (206) 359-8000
                                             Fax:  (206) 359-9000
                                             Email:  RAlsalam@perkinscoie.com

                                             Attorneys for Plaintiff
                                             Pacific Bioscience Laboratories, Inc.


COUNSEL:

Robert M. Masters (*pro hac to be submitted*)
Timothy P. Cremen (*pro hac to be submitted*)
Lisa Y. Leung (WSBA No. 43015)
PAUL HASTINGS LLP
875 15th St. NW
Washington, D.C. 20005
Tel:  (202) 551-1700
Fax:  (202) 551-1705
robertmasters@paulhastings.com
timothy cremen@paulhastings.com
lisaleung@paulhastings.com

Robert L. Sherman (*pro hac to be submitted*)
Natalie G. Furman (*pro hac to be submitted*)
PAUL HASTINGS LLP
75 East 55th Street
New York, NY 10022
Tel:  (212) 318-6000
Fax:  (212) 230-7841
robertsherman@paulhastings.com
nataliefurman@paulhastngs.com

COMPLAINT FOR PATENT INFRINGEMENT – 8
116576-8901/LEGAL125867610.1